Charles Edward ROLLINS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–2088
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 6, 1976.

Rehearing and Rehearing En Banc
Denied Feb. 2, 1977.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

W. Michael Adams, Shreveport, La. (Court-appointed), for petitioner-appellant.

Donald E. Walter, U. S. Atty., Paul Lynch, D. H. Perkins, Jr., Asst. U. S. Attys., Shreveport, La., for respondent-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant pled guilty to possession of an unregistered "sawed-off" shotgun (count I) and possession of a firearm not identified by a serial number (count II) in violation of 26 U.S.C. §§ 5861(d), (i) and 5871. He was sentenced to three years in prison on the first count and was placed on five years supervised probation on the second count. After having fully served his prison term, appellant's probation was revoked when he was convicted in a state court of aggravated assault. At that time he was sentenced to 10 years in prison on the second count of the case *sub judice*.[1]

On appeal, Rollins raises the following issues: (1) waiver of the right to counsel; (2) improper inducement to plead guilty; (3) double jeopardy; and (4) the legality of the ten-year sentence imposed on him. A careful review of the record and briefs indicates merit only in the last issue listed above. With regard to the first three issues, there is no error and the judgment of conviction is affirmed as to them.

We note that both counts of the indictment concerned possession of the same weapon. Thus, appellant was sentenced to 13 years in prison for a single act that happened to violate two separate provisions of the National Firearms Act. 26 U.S.C. § 5861. It is our opinion that such sentencing violates the intent of Congress in setting a maximum penalty of ten years in prison, a $10,000 fine, or both. 26 U.S.C. § 5871. Other circuits have faced this question and reached the same conclusion. *United States v. Ackerson*, 502 F.2d 300 (8th Cir. 1974), *vacated on other grounds*, 419 U.S. 1099, 95 S.Ct. 769, 42 L.Ed.2d 796 (1975); *United States v. Tankersley*, 492 F.2d 962 (7th Cir. 1974); *United States v. Clements*, 471 F.2d 1253 (9th Cir. 1972). *See United States v. Kiliyan*, 504 F.2d 1153 (8th Cir. 1974), *cert. denied*, 420 U.S. 949, 95 S.Ct. 1333, 43 L.Ed.2d 428 (1975). Consequently, we vacate the sentence imposed by the district court and remand this case for resentencing to a term that, when coupled with the three years already served, will not exceed the statutory maximum provided in 26 U.S.C. § 5871.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.

---

1. This ten year sentence runs consecutively to the sentence imposed in the state court on the aggravated assault charge.