**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary Don NATION, Defendant-Appellant.**

No. 82–4359

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 7, 1983.

Rehearing Denied May 6, 1983.

Wellborn Jack, Jr., Shreveport, La., for defendant-appellant.

D.H. Perkins, Jr., Asst. U.S. Atty., Shreveport, La., for plaintiff-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant Gary Don Nation, convicted on federal firearms violations, appeals from the district court's denial of his motion for a new trial on the grounds of prosecutorial misconduct in closing argument. This Court affirms the denial of a new trial.

Defendant Nation was convicted on three counts of federal firearms violations: (1) shipping and transporting a firearm by a convicted felon, pursuant to 18 U.S.C. § 922(g)(1) and § 924(a), (2) shipping and transporting a stolen firearm, pursuant to 18 U.S.C. § 922(i) and § 924(a), and (3) possessing a firearm by a convicted felon, pursuant to 18 U.S.C. app. § 1202(a)(1) (Supp.1982).[1]

The firearm involved in the prosecution was a Colt .45 caliber pistol. A witness for the prosecution, Michael Algood, testified that he stole the pistol from a pickup truck in October 1980, gave it to Nation, and told him that it was stolen. Nation's accomplice, Gary Lee Hayden, entered into a plea bargain under which one of two counts was dismissed when he agreed to testify against Nation. Hayden testified that he and Nation traveled from Oklahoma into Louisiana where they sold the gun to a pawnbroker in Shreveport for $150. Hayden also identified the pawn ticket which evidenced the sale. Hayden and Nation then returned to Oklahoma where agents for the Bureau of Alcohol, Tobacco and Firearms (ATF) contacted Hayden who admitted his guilt and agreed to place a recording device on his person. Hayden met with Nation while the ATF agents monitored and taped the conversation; these tapes and transcripts were introduced into evidence. The weapon, all the documents establishing the identity and history of the weapon, and Nation's prior felony conviction were introduced into evidence by the Government without objection.

---

1. Nation was sentenced to three years on Count 1 and supervised concurrent probation for five years on Counts 2 and 3, to commence upon the completion of the sentence on Count 1.

Nation called an ATF agent as an adverse witness who testified that Hayden's reputation for truth and veracity was unfavorable and who agreed that Hayden had a reputation for setting someone else up to "try to fade heat" on himself, *i.e.,* getting the attention of the police off himself and onto someone else.

The strategy of defense counsel's closing argument was to attack Hayden's character and credibility. In rebuttal, the prosecutor stated as follows: "In reference to the plea bargain; [sic] Mr. Hayden knows, and he—as a part of the plea bargain, the agreement that he entered into, that he would testify truthfully before the grand jury and would testify truthfully before you in court today [sic]. He has done so, because he knows if he does not testify truthfully the plea bargain will be broken and he would be facing the original charges."

Defense counsel immediately approached the bench out of the hearing of the jury, objected, and moved for a mistrial. The court denied the mistrial but stated that it would be willing to give some admonition to the jury. The prosecutor proposed an admonition[2] which was not objected to by defense counsel; nor did defense counsel suggest any admonition of his own. The court admonished the jury as follows:

Ladies and gentlemen of the jury, the counsel for the Government has just stated that under the plea bargain Mr. Hayden was compelled to tell the truth and that if he did not tell the truth that the plea bargain would be violated and he would subject himself to additional action by the Government, or words to that effect. The court does not believe that is an accurate portrayal of the law. It is true, of course, that Mr. Hayden has sworn to tell the truth and it is you, not the Government, but the jury, and the jury alone, who, from all of the circumstances in the case, Mr. Hayden's testimony and the circumstances surrounding it, and in saying that I am talking about the

other evidence, testimony of other people, you take into consideration his own record, who he is, what he is, what his situation indicates, as far as the activity in the case was concerned, is for you and you alone to determine what his credibility is, and you and you alone will determine in the end whether he can be believed or should not be believed or what part of his testimony, if any, should be given credence by you.

Defense counsel did not object to the court's admonition. Furthermore, he did not request that the jury be instructed to disregard the prosecutor's remarks. Upon continuing his argument, the prosecutor immediately stated: "Ladies and gentlemen, as the judge has told you, it is up to you, of course, to believe the witnesses and determine whether or not they are telling the truth."

In its final instructions to the jury, the court included the following charges:

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

\*     \*     \*     \*     \*     \*

You are the sole judges of the credibility, that is, the believability of each witness and the weight to be given to his testimony . . . .

\*     \*     \*     \*     \*     \*

However, the jury should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a

---

**2.** The proposed admonition was as follows: "It would be within their [the jury's] province to determine the truth of the witness' testimony as opposed to that of the U.S. Attorney's Office, or anyone else."

defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt; and the fact that an accomplice has entered a plea of guilty to the offense charged is not evidence, in and of itself, of the guilt of any other person. Defense counsel did not object to these instructions.

Upon conviction, Nation moved for a new trial on the grounds that the "prosecutor's rebuttal argument ... bolstered the credibility of the Government's key witness by going beyond the evidence before the jury and by vouching for the credibility of that witness by putting the sanction of the office of the prosecutor behind that testimony." [3] The court denied the motion.

On appeal, Nation argues that the curative admonition by the judge was insufficient because it was not the "stern rebuke" required by *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 632, 79 L.Ed. 1314 (1935).[4] Nation's reliance on *Berger* is misplaced. The prosecutor in *Berger* had committed a long list of improper conduct. *See id.* at 631. The Court focused on the extent of the misconduct which was not "slight or confined to a single instance" but "pronounced and persistent, with a probable cumulative effect upon the jury." *Id.* at 633. Indeed, the misconduct was so pervasive that the court stated that a reading of the entire argument was necessary to appreciate its objectionable features. In the case at hand, the prosecutor's improper comment was confined to a single instance. It is the exact opposite of the circumstances which the Court in *Berger* found so prejudicial as to require a new trial.

Nation relies principally upon the case of *United States v. Dorr,* 636 F.2d 117 (5th Cir.1981), *later appeal, United States v. Passmore,* 671 F.2d 915 (5th Cir.1982). In *Dorr,* this Court held it to be reversible error for the prosecutor, in his rebuttal argument, to defend his key witness' credibility by discussing a judge's reasons for accepting the Government's plea bargain agreement with the witness and by suggesting that defense counsel was contending that both state and federal judges were involved in a conspiracy to convict the defendants.[5]

The instant case is distinguishable from *Dorr* in two significant respects. First, in *Dorr* the trial judge denied defense counsel's request for a curative instruction, whereas in the instant case the judge both admonished the jury that the statement of the prosecutor was incorrect and gave a thorough and proper cautionary instruction regarding accomplice testimony. *See* Fifth Circuit Pattern Jury Instructions (Criminal Cases), Special Instructions, 2B at 35 (West 1979); *see also* E. Devitt & C. Blackmar, Federal Jury Practice & Instructions, ¶ 17.-06 at 364–69 (3d ed. Supp.1983). The judge therefore adequately corrected any possible mistaken impressions that might have been left in the minds of the jurors.

---

**3.** The motion for a new trial specifically identified as the improper conduct the prosecutor's statement in his rebuttal argument that Hayden had testified truthfully because he knew that if he did not, the plea bargain would be broken and he would face the original charges.

**4.** Nation, relying on *Berger,* argues that the court's admonition did not instruct the jury to disregard the improper prosecutorial remarks. Although the judge did not explicitly so state, the obvious import of his curative admonition was that the prosecutor's comment should be disregarded. Moreover, *Berger* did not address the question of the court's failure to explicitly instruct the jury to disregard improper prosecutorial comments. Indeed, the trial judge in *Berger* instructed the jury to disregard several of the improper comments made by the prosecutor. *Berger,* 55 S.Ct. at 632.

**5.** Stating that the jury is the sole judge of the credibility of witnesses, the Court concluded that the prosecutor's argument "very possibly destroyed that decision-making process." *Dorr,* 636 F.2d at 121. The Court reasoned as follows:

The first part of the prosecutor's argument could very well have suggested to the jury that since a state judge accepted Fagan's plea, his story must be considered as true *ab initio,* thus supplanting the jury's choice on credibility for that of the judge's. The second part of the challenged portion of the argument was overly prejudicial because it inserted a factor, that of a conspiracy between the judges against Dorr and Passmore, which did not exist in the case at all.

*Id.*

Secondly, *Dorr* was a much closer case[6] than the instant case. The Court in *Dorr* noted that the "very crux of the jury's decision lay in the choice of credibility" between the prosecution's witness and the defendant Dorr, and that the testimony of each was equally credible. The Court limited its holding to the context of a close case: "*With the scales so closely balanced, the prosecutor's mentioning of the state judge's reasons for accepting a guilty plea and his inference that Dorr and Passmore were accusing the judges of conspiring to convict them could easily have been enough to sway the jury's decision, when those matters should have had no bearing at all.*" *Dorr,* 636 F.2d at 120–21 (emphasis added). The "choice of credibility" conflict so crucial to the *Dorr* holding is absent in the instant case.

In addition, the Court in *Dorr* noted that the only witness who implicated Dorr was "the very same one whose testimony was impermissibly bolstered by the prosecution" and that if there had been "other untainted witnesses who testified against Dorr or concrete, irrefutable documentary evidence," the Court might have found the argument to be harmless error.[7] *Dorr,* 636 F.2d at 121. In the instant case, the sole damaging testimony against Nation was not given by Hayden. A prosecution witness, Michael Algood, also implicated Nation. Algood testified that he gave the pistol to Nation and told him it was stolen. Furthermore, the taped conversation between

Hayden and Nation corroborates Hayden's testimony and provides strong circumstantial evidence to convict Nation.[8] Nation's conviction did not rest solely on the credibility of Hayden.

Considering the court's curative admonition to the jury, the cautionary instructions with regard to accomplice testimony, and the strength of the evidence against Nation, this Court concludes that the prosecutor's comment was not so prejudicial as to constitute reversible error. The trial court properly denied the defense motion for a new trial. The conviction is AFFIRMED.

---

**6.** *Berger* was also a close case. The Court specifically noted that the evidence against the defendant was not strong or overwhelming. *Berger,* 55 S.Ct. at 633.

**7.** The Court stated that the case against the other defendant was only "slightly stronger." 636 F.2d at 121.

**8.** The pertinent part of this recorded conversation is as follows:

> Nation: I don't see how we can get so much heat on sellin' one . . .
>
> . . . .
>
> Hayden: Well, I don't . . . I don't even know really that they can get you for . . . accessory or what, you know.
> Nation: Only interstate transportation of stolen property.

Hayden: Well, we was in your car, but I can't remember if you was on probation or what then . . . I mean, uh, can you remember when we was down there exactly?
Nation: To the date? S—t, no. It was before we went to Court in Texas.

\* \* \* \* \* \*

Hayden: What are you gonna tell 'em?
Nation: Tell 'em I did it. Yeah, I bought the mother ———— from another individual. ————, I thought he was just in a bind for money.
Hayden: You ain't got a receipt.
Nation: Uh-unh [negative].
Hayden: Can you get one?
Nation: Probably so.