793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
GARY DEWITT ODOM, a/k/a RONNIE KEYS, Defendant-Appellant.
 85-5851
 United States Court of Appeals, Sixth Circuit.
 5/12/86
 
 AFFIRMED
 W.D.Ky.
 ON APPEAL from the United States District Court for the Western District of Kentucky
 Before: KENNEDY and MILBURN, Curcuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Gary DeWitt Odom was convicted in United States District Court for the Western District of Kentucky of one conspiracy count and four substantive counts all based on his possession of a gun. Count one was the conspiracy count. Count two was that as a fugitive from justice he transported a weapon in interstate commerce (from Tennessee where he committed an armed robbery to Kentucky where he was arrested). Count three was transporting stolen property, the same weapon, in interstate commerce. Count four was transporting the same weapon in interstate commerce in order to commit a felony. Count five was knowingly carrying a weapon during the commission of a felony--possession of cocaine with intent to distribute. Sentences on counts 1, 2, 3 and 4 are to be served concurrently; he received a sentence of ten years on count 4 and five years on the other three counts. The ten-year sentence on count five is to be served consecutively, for a total sentence of twenty years.
 
 
 2
 Odom raises three issues on appeal. He first charges that he was denied his constitutional right to a speedy trial as guaranteed by the sixth amendment. He next charges that the consecutive sentence on count 5 is improper. He finally charges that the evidence is insufficient to support a verdict of guilty on counts 4 and 5.
 
 
 3
 Odom was not indicted by the federal grand jury until four years after the offense. He had been convicted of murder, among other crimes, in state court in Kentucky in connection with the shooting of a state officer at the time of his arrest. The murder conviction was reversed by the Kentucky Supreme Court whereupon the instant indictment was sought. In the intervening time Odom was in federal custody as he had been convicted of bank robbery in Maryland.
 
 
 4
 Any delay in this case is pre-indictment, since no accusation was made until indictment. Barker v. Wingo, 407 U.S. 514 (1972), states four factors to be considered to determine if a defendant's constitutional rights are violated by delay:
 
 
 5
 (1) length of delay
 
 
 6
 (2) reason for delay
 
 
 7
 (3) assertion of right to speedy trial
 
 
 8
 (4) prejudice to defendant
 
 
 9
 (1) The length of delay from arrest to accusation is within the statute of limitations.
 
 
 10
 (2) The reason for delay is that there was no need for the United States to prosecute him if he would be serving a life sentence in Kentucky for muder.
 
 
 11
 (3) No request for speedy trial was made. Defendant says he had no reason to make the request because he didn't know he was going to be charged. The government notes that if no accusations were pending that defendant could demand trial for, there could not possibly be a delay in bringing those charges to trial.
 
 
 12
 (4) The only prejudice Odom claims is that he has begun college work, that the sentences would have been mostly concurrent with those he is now serving, and that he would be paroled earlier had he been convicted earlier. This is insufficient prejudice under Trigg v. State of Tennessee, 507 F.2d 949 (6th Cir. 1974), cert. denied, 420 U.S. 938 (1975).
 
 
 13
 We hold that Odom's constitutional right to a speedy trial was not violated.
 
 
 14
 As to the second charge of error, Odom does not claim double jeopardy, but contends that where all charges arise out of possession of a single gun the sentences should be concurrent. Defendant relies on Rollins v. United States, 543 F.2d 574 (5th Cir. 1976), which holds that under the rule of lenity, where one single transaction violates more than one section of an act, there should not be multiple punishments. Even if the Court agreed with the general principle enunciated in Rollins, we find it inapplicable here. Rollins is a National Firearms Act case; the intent of that act is simply to regulate firearms. We believe that 18 U.S.C. Sec. 924(c)(2), possession of a gun while committing a felony, under which Odom was indicted in count 5, is intended as a separate unit of prosecution. Significantly, section 924(c) specifically requires consecutive sentences in some situations. It appears that Congress intended penalties to be harsh for gun-carrying felons.
 
 
 15
 Finally, defendant claims insufficient evidence to support a conviction on count four--that he transported the gun with the intent to commit armed robbery. Defendant testified that he had used the gun for that purpose before, the that when he ran out or drugs he would use it again. He is apparently arguing that because he didn't intend robbery of the particular store where he was arrested there was insufficient evidence of his purpose in transporting the gun. The Court disagrees with this proposition.
 
 
 16
 Odom also claims there is insufficient evidence to support the underlying felony in count five--possession with intent to distribute. We disagree. The 19 grams of cocaine in his possession had not yet been cut. A government witness testified that there are eight to twelve doses of cocaine per pure gram. Thus, defendant clearly was in possession of a distributable amount, which may support an intent to distribute. United States v. Faymore, 736 F.2d 328, 333 (6th Cir.), cert. denied, 105 S. Ct. 213 (1984). Furthermore, Odom testified that he gave cocaine to his girlifriend, who was accompanying him, when she wanted it. That is distribution.
 
 
 17
 For the reasons detailed above, we affirm the convictions.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation