**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gary Don NATION,**
**Defendant-Appellant.**

**No. 87–4270**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 16, 1987.

Rehearing Denied Dec. 17, 1987.

---

14.  *Theriot,* 783 F.2d at 535.

Gary Don Nation, pro se.

John A. Broadwell, Asst. U.S. Atty., Joseph S. Cage, Jr., Shreveport, La., for plaintiff-appellee.

Before REAVLEY, RANDALL, and JOLLY, Circuit Judges.

PER CURIAM:

Gary Don Nation, convicted and sentenced on three counts of federal firearms violations, filed this motion under Fed.R. Crim.P. 35 requesting that his cumulative sentencing arrangement be vacated. The district court denied Nation's motion. We affirm.

## I

The circumstances surrounding this case were set forth by this court in *United States v. Nation*, 701 F.2d 31 (5th Cir. 1983), as follows:

> The firearm involved in the prosecution was a Colt .45 caliber pistol. A witness for the prosecution, Michael Allgood, testified that he stole the pistol from a pickup truck in October 1980, gave it to Nation, and told him that it was stolen. Nation's accomplice, Gary Lee Hayden, entered into a plea bargain under which one of the two counts was dismissed when he agreed to testify against Nation. Hayden testified that he and Nation travelled from Oklahoma into Louisiana where they sold the gun to a pawnbroker in Shreveport for $150. Hayden also identified the pawn ticket which evidenced the sale. Hayden and Nation then returned to Oklahoma where agents for the Bureau of Alcohol, Tobacco and Firearms (ATF) contacted Hayden who admitted his guilt and agreed to place a recording device on his person. Hayden met with Nation while the ATF agents monitored and taped the conversation; these tapes and transcripts were introduced into evidence. The weapon, all the documents establishing the identity and history of the weapon, and Nation's prior felony conviction were introduced into evidence by the government without objection.

Nation was subsequently convicted for violating three provisions of the federal firearms statutes. Under count 1, Nation was charged with shipping and transporting a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Nation was convicted under count 2 for violating 18 U.S.C. § 922(i) by shipping and transporting a stolen firearm. Count 3 involved a violation of 18 U.S.C.App. § 1202(a)(1), possessing a firearm by a convicted felon. The district court sentenced Nation to three years' imprisonment for count 1; a consecutive sentence of five years' probation for count 2; and five years' probation for count 3, consecutive to count 1 and concurrent with count 2. Count 3 was later vacated by the district court pursuant to a Rule 35 motion. The sole issue on appeal is the legality of

the consecutive sentence imposed under count 2.

In denying the appellant's motion to vacate the sentence in count 2, the district court held that:

> This case is controlled by *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180 [76 L.Ed. 306] (1932), which applies to violation of 18 U.S.C. chapter 44, stating that the test to be used in determining whether separate offenses can be carved out of a single transaction is whether each of the offenses created requires proof of a different element. *Hornbeck v. United States*, 503 F.2d 1029 (8th Cir. 1974). It, the only case applying the *Blockburger* rule specifically to §§ 922(g)(1) and 922(i), concluded that Congress did intend to authorize cumulative punishments for multicount violations of 18 U.S.C. § 922 and upheld consecutive sentences for such violations. Since the conviction of the defendant Nation of the two sections required proof of different elements, the consecutive sentences were lawful and proper.

We now must determine whether the district court's analysis is correct.

## II

On appeal, Nation argues that he has been convicted and sentenced twice for the commission of a single crime. He argues that cumulative sentences cannot be imposed under section 924(a) where the violations result from the same transaction or event.[1] *United States v. McDaniel*, 550 F.2d 214 (5th Cir.1977); *Rollins v. United States*, 543 F.2d 574 (5th Cir.1977). Thus, Nation, citing *McDaniel* and *Rollins*, argues that since his two convictions under section 922(g)(1) and section 922(i) result from the single act of carrying a firearm across state lines, count 2 (section 922(i)) should be vacated.

The standard for construing a sentencing statute involving a possible cumulative sentence for criminal violations was established long ago, as the district court noted, by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).[2] Under *Blockburger*, the appropriate inquiry is whether "each of the offenses created requires proof of a different element." *Id.* 52 S.Ct. at 182. Expressed another way, the question is whether each violation requires proving a fact that the other does not. *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 1672, 84 L.Ed.2d 740 (1985). In analyzing Nation's convictions, we find that different elements of proof are required for each conviction. Under section 922(g)(1), the government must prove not only that Nation transported the firearm between states, but also that Nation was a *felon*. Under section 922(i), however, the government must prove that Nation transported the firearm while *knowing* that it was stolen. Thus, these multiple convictions involve proving distinctly different elements and, under the *Blockburger* test, cumulative sentences would certainly seem allowable.

Although this circuit has not specifically addressed the question of cumulative sentencing where violations of section 922(g) and section 922(i) have occurred, two other circuits have done so. In *Hornbeck v. United States*, 503 F.2d 1029, 1030 (8th Cir.1974), the Eighth Circuit specifically held that cumulative sentences could be imposed for violations of sections 922(g) and 922(i) because each violation required proof of different elements. In the case of *United States v. Reis*, 788 F.2d 54 (1st Cir.1986), the First Circuit upheld cumulative sentencing involving violations of section 922(i) and section 1202(a)(1), a provision similar to section 922(g)(1). The court stated:

> In this case, the inquiry as to whether the same act is being twice punished must focus on whether each statutorily defined offense requires proof of at least

---

1. 18 U.S.C. § 924(a) provides in part that "whoever violates any provision of this chapter … shall be fined not more than $5,000 or imprisoned not more than five years, or both…."

2. The *Blockburger* test has been applied to parts of 18 U.S.C. § 924 (*Simpson v. United States*, 98 S.Ct. 909, 435 U.S. 6, 55 L.Ed.2d 70 (1978)) and 18 U.S.C. § 922 (*Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)).

one fact, one element which the other offense does not. If the elements are not identical, separate punishments are valid. *See Blockburger v. U.S.*, 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932). As to counts 2 [section 922(i)] and 3 [section 1202(a)(1)] in the instant case, it is obvious that the elements are different. Count 2 requires proof that the defendant knew the firearms were stolen. Count 3 does not. Count 3 requires proof that the defendant was a previously convicted felon. Count 2 does not. The separate punishments under counts 2 and 3 in the instant case are consistent with the rule enunciated in *Ball.*

*Id.* at 57.

Nation argues, however, that his case is controlled by our decisions in *United States v. McDaniel*, 550 F.2d 214 (5th Cir. 1977), and *Rollins v. United States*, 543 F.2d 574 (5th Cir.1976), which precluded cumulative sentences for a "single act" under the firearm statutes. Furthermore, there is a third case, *United States v. Hodges*, 628 F.2d 350 (5th Cir.1980), which specifically deals with 18 U.S.C. § 922, and, like *McDaniel* and *Rollins,* vacated cumulative sentences for multiple violations of federal firearms statutes. Both *McDaniel* and *Rollins* involved imposition of cumulative sentences for possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), and possession of a firearm with an obliterated serial number, section 5861(h), or possession of a firearm with an unidentified serial number, section 5861(i). Both cases held that the facts presented a single act constituting a single crime because "possession of a firearm with an obliterated [unidentified] serial number necessarily entails possession of an unregistered firearm...." *McDaniel*, 550 F.2d at 219. In *Hodges*, this court held that the violation of 18 U.S.C. § 922(h), *receipt* of a firearm by a felon, merged with the similar violation of 18 U.S.C. § 1292(a)(1), *possession* of a firearm by a felon, and thus cumulative sentences were precluded for violations of the two statutes. Thus, his argument is that even though a different element of proof was arguably required

with respect to each of the offenses in this case, i.e., proof of actual receipt versus simple possession, and proof of no registration versus no serial number, our court has nevertheless not applied *Blockburger* so strictly as to allow cumulative sentences for "single act" offenses under the firearm statutes. The facts in this case today, he argues, prove only the single transportation of a single gun, which constitutes a "single act" offense.

We first observe that none of these three cases attempted to reconcile whether *Blockburger* commanded a different result. Indeed, none of the cases even referred to *Blockburger*. Today, however, we do not need to determine whether there can be reconciliation because we find these cases distinguishable from the facts presented in this appeal. In *Hodges*, for example, proof that the felon received a firearm was tantamount to proving that the felon possessed the firearm; in *McDaniel* and *Rollins,* proof that a defendant possessed a firearm with an obliterated serial number was proof in fact that the defendant possessed an unregistered firearm since a serial number was required for registration. In other words, proof of one offense constituted proof of the other. *Cf. Ball*, 105 S.Ct. 1668. In the case before us on appeal, however, proving that the gun transported in interstate commerce was stolen does not prove that it was transported in interstate commerce by a felon; proof of additional facts and a different element are required. Thus, under the facts in this case, our application of *Blockburger* does not conflict with our holdings in *Rollins, McDaniel* and *Hodges*. We note in passing, however, that in any event, Supreme Court law would trump Fifth Circuit law if such a conflict were presented.

In conclusion, we hold that in applying the standard in *Blockburger*, as further defined in *Ball*, it is clear that the cumulative sentencing was permissibly imposed in this case. Each count involves different elements of proof. The district court therefore properly denied the motion of the appellant to vacate count 2 of his conviction.

For the reasons stated above, the judgment of the district court is

AFFIRMED.