USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1015 UNITED STATES, Appellee, v. BERTIN A. ORTIZ, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ _____________________ George J. West, by Appointment of the Court, for appellant. ______________ Zechariah Chafee, Assistant United States Attorney, with _________________ whom Sheldon Whitehouse, United States Attorney, was on brief for __________________ appellee. ____________________ September 7, 1995 ____________________ TORRUELLA, Chief Judge. Defendant Bertin A. Ortiz TORRUELLA, Chief Judge. ___________ (Ortiz) appeals his sentence, contending that the district court impermissibly applied a two-level adjustment in calculating his sentencing guideline range under the United States Sentencing Guidelines Manual (U.S.S.G.) 2K2.1 (Nov. 1994). Finding no error, we affirm. BACKGROUND BACKGROUND The facts relevant to this appeal are not disputed. Ortiz was arrested when he tried to sell a "streetsweeper" shotgun to an undercover Drug Enforcement Agent. The streetsweeper is a 12-gauge, semi-automatic shotgun with a twelve-round revolving magazine and a folding stock. It is capable of firing all twelve rounds in under three seconds. The gun is manufactured with an 18-inch barrel, but the barrel of the gun seized from Ortiz had been sawed off so that it was less than 18 inches. In addition, the serial number of the gun had been obliterated. Ortiz pled guilty to possession of a firearm with an obliterated serial number, 18 U.S.C. 922(k), and possession of an unregistered sawed-off shotgun, 26 U.S.C. 5861(d). At sentencing, the district court calculated Ortiz' base offense level to be 18, see U.S.S.G. 2K2.1, increased the offense level ___ two levels, pursuant to the specific offense characteristic for possession of a firearm with an obliterated serial number, see ___ U.S.S.G. 2K2.1(b)(4), and subtracted three levels for acceptance of responsibility, see U.S.S.G. 3E1.1, thereby ___ -2- reaching an adjusted offense level of 17. The court determined that Ortiz had a criminal history category of I, and therefore that the sentencing guideline range was 24 to 30 months. The court sentenced Ortiz to 24 months' imprisonment. DISCUSSION DISCUSSION Ortiz contends that the district court erred in applying the two-level specific offense characteristic increase under U.S.S.G. 2K2.1(b)(4) ("If any firearm was stolen, or had an altered or obliterated serial number, increase by two levels."). Ortiz argues that his situation fits within the exception contained in Note 12 of the Application Notes to the Commentary for 2K2.1. Note 12 states: If the defendant is convicted under 18 U.S.C. 922(i), (j) or (k), or 26 U.S.C. 5861(g) or (h) (offenses involving stolen firearms or ammunition), and is convicted of no other offenses subject to this guideline, do not apply the adjustment in subsection (b)(4) because the base offense level itself takes such conduct into account. Ortiz concedes, as he must, that the plain language of Note 12 does not apply to his case. Although the specific offense characteristic for firearms with an obliterated serial number does not apply to Ortiz' conviction under 922(k), it does, by its plain terms, apply to his conviction under  5861(d). Ortiz argues, however, that a "fair reading" of Note 12 should include 5861(d). "As a general rule, courts should strive to apply the guidelines as written, giving full force and effect to the -3- Sentencing Commission's interpretive commentary and application notes." United States v. Zapata, 1 F.3d 46, 47 (1st Cir. 1993) _____________ ______ (citing Stinson v. United States, __ U.S. __, 113 S. Ct. 1913, _______ ______________ 1915 (1993)). We have noted certain limited exceptions to this rule. For example, the commentary may be disregarded if "it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, [a] guideline." Id. (quoting Stinson, 113 S. Ct. at 1915). In __ _______ addition, the Commission's suggested interpretation of a guideline provision may be disregarded if it is "arbitrary, unreasonable, inconsistent with the guideline's text, or contrary to law." See id. (quoting United States v. Fiore, 983 F.2d 1, 2 ___ __ _____________ _____ (1st Cir. 1992), cert. denied, __ U.S. __, 113 S. Ct. 1830 _____ ______ (1993)). Ortiz argues that elements of both of his crimes already account for an obliterated serial number, and, therefore, that the reasons underlying the Commission's exception of  5861(g) and (h) from the 2K2.1 specific offense characteristic apply with equal force to 5861(d). Ortiz apparently contends that it is arbitrary and unreasonable to except defendants convicted under 5861(g) (unlawful to "obliterate, remove, or alter the serial number or other identification of a firearm") and (h) (unlawful "to receive or possess a firearm having the serial number or other identification required by this chapter obliterated, removed, changed, or altered") from 2K2.1, but not -4- to except defendants convicted under 5861(d) (unlawful to possess an unregistered firearm). Sections 5861(g) and (h) both proscribe conduct involving a firearm with an obliterated serial number, precisely the same conduct which warrants the specific offense characteristic adjustment under 2K2.1. Understandably, the Commission chose not to apply the adjustment to those offenses. In contrast, 5861(d) makes it unlawful to possess an unregistered firearm, conduct wholly different than that accounted for in 2K2.1. On its face, the distinction between 5861(g) and (h), on the one hand, and 5861(d), on the other, is perfectly reasonable. Ortiz nevertheless argues that because it is illegal to possess a firearm with an obliterated serial number, and therefore impossible to register such a firearm, his conviction under 5861 (d) already accounts for the obliterated serial number, in the same way that it is accounted for in 5861(g) and (h). As the government points out, however, the serial number of a firearm can be illegally removed or obliterated after the firearm is registered with the National Firearms and Transfer Record. By federal statute, it is unlawful to possess an unregistered sawed-off shotgun. The Commission apparently determined that possession of the same gun with an obliterated serial number increases the seriousness of the offense. We do not find this rule arbitrary or unreasonable. These are two distinct offenses; it is one thing to have an unregistered -5- firearm and another thing to have an untraceable and unregistered ___________ firearm. "Since the sentencing scheme that the Commission has devised for the offense of conviction is plausible as a whole and not inconsistent with statutory law or constitutional precepts, we cannot substitute our judgment for that of the Commission." Zapata, 1 F.3d at 49. ______ The only case cited for direct support by Ortiz is United States v. McDaniel, 550 F.2d 214 (5th Cir. 1977). In that _____________ ________ case the defendant was convicted of possession of an unregistered firearm, in violation of 5861(d), possession of the same firearm with an obliterated serial number, in violation of  5861(h), and transportation of the same unregistered firearm in interstate commerce, in violation of 5861(j). The penalty provision applicable to 5861 provides a maximum fine of $10,000 and/or a maximum prison sentence of ten years for any person convicted under any provision of 5861. The district court sentenced defendant to serve consecutive ten-year sentences and to pay a fine of $10,000 for each of the three counts. The question on appeal was "whether the total sentence can exceed the statutory maximum when all three counts relate to the same firearm and the same transaction." McDaniel, 550 F.2d at 218. ________ In reversing the sentence, the McDaniel court began by ________ noting that Congress did not intend to impose more than the statutory maximum for "a single act that happened to violate two separate provisions" of 5861. Id. at 218-19 (quoting Rollins __ _______ -6- v. United States, 543 F.2d 574 (5th cir. 1976)). In language _____________ relied on heavily by Ortiz, the court reasoned: [B]ecause it was unlawful to possess a weapon with an obliterated serial number, 5861(h), it is impossible to register it. Therefore, possession of a firearm with an obliterated serial number entails possession of an unregistered firearm, 5861(d), and the two fall within the "single act" rationale of Rollins for _______ purposes of 5871 sentencing. Id. at 219. __ McDaniel concerned an issue of statutory maximum ________ sentences, as distinguished from the guideline adjustment at issue in this case. Even if, arguendo, we were to concur with ________ the Fifth Circuit's conclusion that possession of a firearm with an obliterated serial number and possession of an unregistered firearm constitute a single act, we have consistently held that "double counting" is often proper under the guidelines. See, ___ e.g., Zapata, 1 F.3d at 47; United States v. Sanders, 982 F.2d 4, ____ ______ _____________ _______ 5 (1st Cir. 1992).1 Double counting is proper if it is clearly intended by the Commission, and the same factor "reflects both the seriousness of an offense and the likelihood of a particular defendant's recidivism." Zapata, 1 F.3d at 49. ______ That a defendant might be convicted of possession of an unregistered firearm, and have his guideline range increased because the serial number of the gun had been obliterated "does  ____________________ 1 Ortiz also cites United States v. Clement, 471 F.2d 1253 (9th _____________ _______ Cir. 1972), which also involved the statutory maximum sentence under 5861, and is therefore inapposite for the same reasons as McDaniel. ________ -7- not seem such an unusual circumstance as to escape the Commission's attention." Sanders, 1 F.3d at 8. This is _______ particularly true in this case because the Commission specifically excepted certain conduct from the reach of the  2K2.1 adjustment, see 5861(g) and (h), and did not exclude the ___ conduct at issue in 5861(d). Moreover, in contrast to  5861(g) and (h), the conduct at issue in 5861(d) is distinct from that proscribed by the specific offense characteristic. Cf. __ United States v. Vincent, 20 F.3d 229, 241 (6th Cir. 1994) ______________ _______ (conviction for possession of a firearm by an unlawful user of a controlled substance held to be an underlying offense to defendant's unlawful use or carrying of a firearm during and in relation to a drug trafficking offense). Moreover, the increase for possession of an untraceable firearm properly reflects both the seriousness of the offense and the likelihood of a particular defendant's recidivism. The serial number is obliterated from a gun so that it cannot be traced by law enforcement. The act is thus done in anticipation that the gun will be used in criminal activity. Hunters and other recreational gun users have no reason to obliterate the serial numbers from their guns. This is manifestly not a case where, "through cross- referencing, it might be thought that double counting unintentionally resulted." Sanders, 982 F.2d at 4. The _______ guideline language in this case is clear and explicit, and we -8- find no justification for fashioning an exception where the Commission has not. CONCLUSION CONCLUSION For the foregoing reasons, defendant's sentence is affirmed. affirmed ________ -9-