United States Court of Appeals,

Fifth Circuit.

No. 96-50882.

UNITED STATES of America, Plaintiff-Appellee,

v.

Johnny Candido MANSOLO, Defendant-Appellant.

Nov. 18, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before WISDOM, SMITH and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

On April 19, 1996, Appellant Johnny Mansolo was involved in a gun-shooting incident. The police subsequently discovered that the gun used by Mansolo had been stolen and that its serial number had been filed off. As a result, Mansolo was indicted on two counts: possession of a stolen firearm in violation of 18 U.S.C. § 922(j), and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). A jury convicted Mansolo on both counts on August 20, 1996.

On November 7, 1996, Mansolo received 120 months imprisonment under the § 922(j) count, and 30 months imprisonment under the § 922(k) count, the latter running consecutively to the former. Mansolo was also ordered to serve a three-year term of supervised release as to each count, to be served concurrently. Finally, he was fined in the amount of $1,000 as to each count and subjected to a mandatory assessment of $200.

Mansolo appeals claiming that his convictions and sentences

arising from one indictment alleging violations of two separate subsections of § 922 violate the Double Jeopardy Clause of the Constitution. Mansolo also claims that the imposition of consecutively running sentences was in error.

I.

Mansolo argues that his separate convictions under § 922(j) and § 922(k) violate principles of double jeopardy.[1] He cites the familiar *Blockburger* rule, noting that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *United States v. York,* 888 F.2d 1050, 1058 (5th Cir.1989) (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). Relying on this Circuit's decision in *United States v. Munoz-Romo,* 989 F.2d 757 (5th Cir.1993), Mansolo asserts that "violating two *subsections* of 18 U.S.C. § 922 is not, in the sense contemplated by the Supreme Court in *Blockburger,* "a violation of two distinct statutory provisions.' " He thus insists that consecutive sentences for convictions under different subsections of § 922 for possession of a single gun on a single occasion are multiplicious and violate congressional intent.

However, this Court has previously held in *United States v. Nation,* 832 F.2d 71 (5th Cir.1987), that separate sentences are

---

[1]While Mansolo did not raise this objection at trial, the parties are in agreement that this does not bar appellate review. *See United States v. Corona,* 108 F.3d 565, 572 (5th Cir.1997).

permitted for separate violations of § 922(g)(1) (shipping and transporting of a firearm by a convicted felon) and § 922(i) (shipping and transporting a stolen firearm) because each violation requires proof of different elements.  As in the *Nation* case, the separate sections of § 922 which Mansolo violated each require proof of different elements.[2]

Our task therefore is to determine whether the holding in *Munoz-Romo* or the holding in *Nation* controls our decision in this case.  We conclude that *Munoz-Romo* is not controlling.  First, because *Munoz-Romo* involved clearly different statutory provisions (§ 922(g)(1) & (5)), that holding does not necessarily control the result in this case.  Furthermore, *Munoz-Romo* involved different subparts of a single subsection of § 922, while this case involves two separate subsections of § 922.

The *Nation* case is certainly closer to the circumstances involved in this case than *Munoz-Romo,* and the two cases' holdings are not inconsistent.  The decision in *Nation* was based solely on the *Blockburger* analysis.  The subsequent *Munoz-Romo* case adds to the analysis an additional inquiry as to whether Congress intended separate sentences to be imposed for violations of the separate crimes.  The conclusion reached in *Munoz-Romo* depended on the determination that the "language and structure of § 922(g) disclose a clear Congressional intent not to impose cumulative punishments

---

[2]A conviction under § 922(j) requires proof that the defendant knew the firearm was stolen, while a conviction under § 922(k) does not.  A conviction under § 922(k) requires proof that the serial number of the firearm was obliterated, while a conviction under § 922(j) does not.

3

when, because of the offender's status, possession of a single weapon violates two subdivisions of subsection (g)." *Munoz-Romo,* 989 F.2d at 759. We read *Munoz-Romo,* and particularly the references therein to the Eleventh Circuit's decision in *United States v. Winchester,* 916 F.2d 601 (1990), as focusing its analysis on whether Congress fixed a separate punishment for each of the subsections of § 922 involved, and if so whether Congress fixed a separate punishment for any subpart of each such subsection. Clearly, Congress has fixed separate punishments for both § 922(j) and § 922(k), *see* 18 U.S.C. § 924(a)(1)(B) & (a)(2), and there are no subparts to either § 922(j) or (k). Therefore this case is virtually indistinguishable from *Nation,* which involved § 922(g)(1) and § 922(i). Thus, we hold that there was no error in permitting Mansolo to be tried and convicted under both 18 U.S.C. § 922(j) and 18 U.S.C. § 922(k).

## II.

The statutory maximum sentence for violations of 18 U.S.C. § 922(j) is 120 months of confinement. The statutory maximum sentence for violations of 18 U.S.C. § 922(k) is 60 months of confinement. Mansolo was convicted of violations of both of these subsections of § 922, and was given consecutive sentences which resulted in a total sentence of 150 months of confinement. The district court sentenced Mansolo to the maximum sentence for the violation of § 922(j), 120 months, and then an additional 30 months of confinement for the violation of § 922(k). Mansolo contends that because the combined sentences for the two convictions exceed

4

the greater of the two statutory maximums, the sentence was imposed in error.

Plain error review applies on this point. No objection was registered at trial. In order to redress errors to which there was no objection at trial, the Court must ascertain that (1) there was error, (2) the error was plain, (3) the error affects substantial rights, and (4) if not corrected, the error would seriously affect "the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

Based upon Mansolo's total offense level of 26 and his criminal history category of VI, the sentencing range imposed by the Guidelines was 120 to 150 months. *See* U.S.S.G. ch. 5, pt. A (1995) (sentencing table). The district court imposed a sentence at the high end of the permitted range, and the Sentencing Guidelines plainly provide:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

U.S.S.G. § 5G1.2(d) (1995).

*Rollins v. United States,* 543 F.2d 574 (5th Cir.1976), cited by Mansolo, is inapposite. *Rollins* involved the imposition of cumulative sentences for the possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and possession of a firearm with an unidentified serial number in violation of 28 U.S.C. §

5

5861(i).  Unlike the situation presented by Mansolo's case, in *Rollins* it was unnecessary to offer any additional proof to establish the violation of one of the charged offenses if the other had been proved.  In other words, consecutive sentences for the two offenses charged in *Rollins* would have violated the Double Jeopardy Clause under *Blockburger.*  Thus, the situation in *Rollins* is distinguishable from the present case.

There does not appear to be any error below—certainly not any error that would rise to the plain error standard.

### III.

Accordingly, the judgment of the district court is AFFIRMED.