13-3348-cr
United States v. McTaw

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of October, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

              v.                                        13-3348-cr

MARQUIS McTAW,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:     Robin C. Smith, San Rafael, N.Y.

Appearing for Appellee:      Joseph J. Karaszweski, Assistant United States Attorney for the
                             Western District of New York, (William J. Hochul, Jr., United
                             States Attorney, *on the brief*) Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction of said District Court be and it hereby is **AFFIRMED**.

Marquis McTaw appeals from a judgment of conviction entered on August 27, 2013, in the United States District Court for the Western District of New York (Larimer, J.). After pleading guilty to three counts of conviction arising out of his unlawful possession of one sawed-off short-barreled rifle, McTaw argues for the first time on appeal that his conviction under 18 U.S.C. § 5861(c) and 18 U.S.C. § 5861(d) violates the Double Jeopardy Clause of the Fifth Amendment.[1] We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On March 6, 2013, McTaw pleaded guilty without a plea agreement to all three counts of his indictment. Count Three charged him with "Possession of an Unregistered Short-barreled Rifle" in violation of 18 U.S.C. § 5861(d), which makes it unlawful to knowingly "possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." 26 U.S.C. § 5861(d). Count Two charged him with "Possession of a Short-barreled Rifle" in violation of 18 U.S.C. § 5861(c), which makes it unlawful to "possess a firearm made [or altered] in violation of" the requirements in 26 U.S.C. § 5822 that an individual who manufactures or alters a firearm in the United States must file a written application to make and register the firearm, pay certain taxes, identify the firearm, and obtain approval to make and register the firearm. 26 U.S.C. §§ 5861(c), 5845(i), 5822. On August 15, 2013, the district court sentenced McTaw principally to 84 months' imprisonment, to run concurrently on each of the three counts, as well as a $100 special assessment on each count of conviction.

"The Double Jeopardy Clause of the Fifth Amendment, *inter alia*, 'protects against multiple punishments for the same offense.'" *United States v. Polouizzi*, 564 F.3d 142, 154 (2d Cir. 2009) (quoting *Schiro v. Farley*, 510 U.S. 222, 229 (1994)). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). McTaw argues that his conviction on Count Two runs afoul of the Double Jeopardy Clause, because it does not require proof of an element not contained in Count Three, and therefore proof of Count Three "necessarily includes" proof of Count Two. *See Ball v. United States*, 470 U.S. 856, 862 (1985).

We review a Double Jeopardy claim raised for the first time on appeal for plain error. *See United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009). In order to establish plain error, "there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467-68 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

We conclude that McTaw has not met this standard. "An error is 'plain' if the ruling was contrary to law that was clearly established by the time of the appeal." *Irving*, 554 F.3d at 78. Both parties concede this circuit has not addressed the question that McTaw now raises. "A reviewing court typically will not find [plain] error where the operative legal question is

---

[1] McTaw does not challenge Count One of the indictment, which charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).

unsettled." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001). Moreover, we do not observe a uniform rule among the circuits. *Cf. United States v. Gore*, 154 F.3d 34, 43 (2d Cir. 1998) (holding defendant established plain error where other circuits had "uniformly decided" the convictions violated Double Jeopardy). To the contrary, while the Ninth Circuit has concluded that "it was not Congress's intent to impose multiple punishments for possessing a single firearm even if that firearm violates different subsections of 26 U.S.C. § 5861," *United States v. Zalapa*, 509 F.3d 1060, 1062 (9th Cir. 2007), other circuits have permitted simultaneous convictions under these two provisions so long as the sentences imposed were concurrent or did not exceed the statutory maximum, *see United States v. Talbott*, 902 F.2d 1129, 1132-33 (4th Cir. 1990); *United States v. Bogden*, 865 F.2d 124, 128 (7th Cir. 1988); *United States v. Nation*, 832 F.2d 71, 74 (5th Cir. 1987); *United States v. Kiliyan*, 504 F.2d 1153, 1155 (8th Cir. 1974).

Without a prior decision from this court or the Supreme Court supporting the argument McTaw now advances, we could not find any error to be plain, if error it was. Accordingly, the judgment of conviction, imposed by the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3