**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Francisco Javier MUNOZ–ROMO,
Defendant–Appellant.**

No. 89–2345.

United States Court of Appeals,
Fifth Circuit.

April 14, 1993.

Marc D. Murr, Bracewell & Patterson, Houston, TX (court-appointed), for defendant-appellant.

Jeffery A. Babcock, Paula C. Offenhauser, Asst. U.S. Attys., Henry K. Oncken, U.S. Atty., Houston, TX, for plaintiff-appellee.

ON REMAND FROM THE UNITED
STATES SUPREME COURT

Before DAVIS and BARKSDALE, Circuit Judges, and MENTZ, District Judge.[1]

W. EUGENE DAVIS, Circuit Judge:

We are faced for a second time with whether the subsections of 18 U.S.C.

---

**1.** District Judge of the Eastern District of Louisi-     ana, sitting by designation.

§ 922(g) allow separate sentences for the same criminal act. In response to a petition for writ of certiorari from *United States v. Munoz–Romo*, 947 F.2d 170 (5th Cir.1991), the Solicitor General, taking a position different from that asserted in our court by the government, confessed error as to our upholding two such sentences and urged that the case be remanded for dismissal of one of the two. The Supreme Court granted certiorari, vacated the judgment, and remanded "for further consideration in light of the position asserted by the Solicitor General ...," — U.S. —, 113 S.Ct. 30, 121 L.Ed.2d 4. On remand we called for a supplemental brief from the United States on this point and provided appellant the opportunity to file one as well, which he did.[2] Having reconsidered this issue, we modify our prior judgment.[3]

## I.

For each of two firearms, Francisco Javier Munoz–Romo was sentenced for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of *the same firearm* by an illegal alien, in violation of § 922(g)(5).[4] Applying *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), we held that the two sentences were not multiplicitous, because "[e]ach provision require[d] proof of an additional fact which the other [did] not"; one, that he was a convicted felon, and the other, that he was an illegal alien. *Munoz–Romo*, 947 F.2d at 176 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182). We now reconsider that holding in light of the government's changed position.

## II.

Both Munoz–Romo and the government rely on *United States v. Winchester*, 916 F.2d 601 (11th Cir.1990), a case factually on point with the present case, which held that the subdivisions of § 922(g) do not support separate penalties for possession of a single weapon. (*Winchester* was not cited by either party on the direct appeal to us.) In *Winchester*, the Eleventh Circuit noted that application of the *Blockburger* test would yield a different result (the result we later reached), but found in the statute's structure and legislative history a "plainly expressed contrary view on the part of Congress" that supported the defendant's interpretation. *Id.* at 606–07 (quoting *Garrett v. United States*, 471 U.S. 773, 779, 105 S.Ct. 2407, 2411, 85 L.Ed.2d 764 (1985)).

The Eighth Circuit took a contrary view in *United States v. Peterson*, 867 F.2d 1110, 1115 (8th Cir.1989). That court, in a straightforward application of *Blockburger*, upheld against a double jeopardy challenge convictions for possession of firearms and ammunition by a convicted felon and a user of controlled substances, in violation of subsections 922(g)(1) and 922(g)(3).[5]

The government's brief on remand summarizes the Solicitor General's position before the Supreme Court. The Solicitor General essentially adopted the Eleventh

---

**2.** Because this case was remanded to reconsider only this issue, we do not reconsider the additional errors asserted by Munoz–Romo in his supplemental brief.

**3.** A full recitation of the facts and prior proceedings appears in our first opinion in this case and it is not necessary to repeat them here. *See Munoz–Romo*, 947 F.2d at 172–73.

**4.** Section 922(g) provides:
   It shall be unlawful for any person—
   (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
   (2) who is a fugitive from justice;
   (3) who is an unlawful user of or addicted to any controlled substance ...;

   (4) who has been adjudicated as a mental defective or who has been committed to a mental institution;
   (5) who, being an alien, is illegally or unlawfully in the United States;
   (6) who has been discharged from the Armed Forces under dishonorable conditions; or
   (7) who, having been a citizen of the United States, has renounced his citizenship;
   to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**5.** *Peterson* also was not cited by either party.

Circuit's position in *Winchester* and argued that:

> We believe that the language and structure of Section 922(g) disclose Congress's clear intent not to impose cumulative punishments when the same incident violates two subdivisions of subsection (g). The two subdivisions at issue here are found in a single subsection of a statute that prescribes a single penalty for all of those subdivisions. *See United States v. Winchester*, 916 F.2d 601, 605 (11th Cir.1990) ("Under 18 U.S.C. 924(a)(2), Congress provided criminal penalties for the violation of subsection (g) of section 922, but it did not list separate penalties for the separate subdivisions of subsection (g).").[4] Moreover, "each subdivision of subsection (g) differs only in its requirement that the offender have a certain 'status' under the law." *Ibid.* And the statute's structure indicates that Congress sought "only to bar the possession of firearms by certain types of persons that it considered dangerous," and not to punish persons "solely for having a certain status under the law." *Id.* at 605–606. Indeed, to conclude otherwise would mean that "a convicted felon who is also a fugitive from justice, a drug addict, a 'mental defective,' and an illegal alien, could be sentenced to five consecutive terms of imprisonment for the same incident, namely, the possession of a firearm." *Id.* at 607.

Accordingly, because the text and structure of Section 922(g) clearly indicate that Congress did not intend to authorize multiple punishments under the various subdivisions of subsection (g), this Court should grant the petition, vacate the judgment, and remand the case for the court of appeals to direct the vacation of two of the sentences imposed under Section 922(g).

The question presented is whether the language and structure of § 922(g) disclose a clear Congressional intent not to impose cumulative punishments when, because of the offender's status, possession of a single weapon violates two subdivisions of subsection (g). As indicated above, the parties

did not cite either *Winchester* or *Peterson* to us in the original appeal. Upon reconsideration and in light of the Solicitor General's concession, we are persuaded that the Eleventh Circuit reached the correct conclusion.

Section 922(g) makes criminal the possession of a firearm by any one of seven types of offenders who Congress considered dangerous. The list of dangerous offenders includes convicted felons, fugitives, illegal aliens, mental defectives, drug addicts and others. Given this statutory structure, we are not persuaded that Congress in § 922 intended to authorize multiple punishments for a single act of possession of a firearm. Otherwise, as the Eleventh Circuit persuasively asserted, a person fitting into five of the seven listed categories could be subject to five consecutive terms of imprisonment for a single act of possessing a firearm.

Moreover, this is not a case like *Blockburger*, where Congress criminalized different actions, in different statutes, at different times. *Blockburger v. United States*, 284 U.S. at 300, 304, 52 S.Ct. at 180, 182. Rather, Congress created § 922 and its structure in one enactment, the Omnibus Crime Control and Safe Streets Act of 1968. Since 1968, Congress has made changes in § 922(g)'s list of dangerous offenders, but has not changed the section's structure. Congress, by rooting all the offenses in a single legislative enactment and including all the offenses in subsections of the same statute, signalled that it did not intend multiple punishments for the possession of a single weapon. *United States v. Clements*, 471 F.2d 1253, 1258 (9th Cir.1972), *cited with approval, Rollins v. United States*, 543 F.2d 574, 575 (5th Cir.1976).

We are satisfied that Congress intended to describe only a single crime that could be committed by seven types of offenders. Thus, the *Blockburger* rule is not controlling. *Garrett*, 471 U.S. at 779, 105 S.Ct. at 2411. We conclude therefore that Munoz–Romo's convictions on counts 3, 4, 5 and 6 violate his rights against double jeopardy. The district court on remand must vacate the conviction on either count 3 or 4 and

also vacate the conviction on either count 5 or 6. The district court must then resentence the defendant.

### CONCLUSION

We reinstate our original opinion to the extent it is not inconsistent with this supplemental opinion. We affirm Munoz–Romo's convictions on all counts except counts 3, 4, 5 and 6. As to those counts, the case is remanded to the district court with instructions to vacate the conviction on either count 3 or count 4 and also to vacate the conviction on count 5.[6] Thereafter, the district court should resentence the defendant.

AFFIRMED in part, VACATED in part, and REMANDED.

BARKSDALE, Circuit Judge, dissenting:

As the majority states, in issue is whether the language and structure of § 922(g) disclose a clear Congressional intent not to impose cumulative punishments when, because of the offender's status, possession of a single weapon violates more than one subdivision of subsection (g). For our prior opinion, we reviewed both the structure and legislative history of § 922(g) and did not find that clear intent. *Munoz–Romo*, 947 F.2d at 175. Therefore, the *Blockburger* test applies.

Accordingly, and notwithstanding the government's 180–degree change between its positions in our court and the Supreme Court, I agree with the Eighth Circuit in *United States v. Peterson*, 867 F.2d 1110, 1115 (8th Cir.1989), which, using *Blockburger*, upheld against a double jeopardy challenge convictions for possession of firearms and ammunition by a convicted felon and a user of controlled substances, in violation of §§ 922(g)(1) and (g)(3).

As stated, there is no clear congressional intent that would overcome the use of *Blockburger*. I disagree that the language and structure of § 922(g) disclose this clear intent. And, the legislative history certainly does not say so. Congress sought to bar possession of firearms by certain types of persons that it considered dangerous; but surely, this does not mean that it intended only one punishment for a person who might fall into several categories for conviction under the statute. While, as in this case, several terms of imprisonment can be imposed for the same incident (but not necessarily consecutive; they are concurrent here), this is simply a form of enhancement that does not run afoul of the clear wording of the statute. For example, it goes without saying that an armed "fugitive from justice," § 922(g)(2), who has also "been adjudicated as a mental defective," § 922(g)(4), and who is "an alien ... illegally ... in the United States," § 922(g)(5), is of more concern to the Congress for incarceration purposes than someone fitting but one of the § 922(g) categories.

In sum, I would continue use of *Blockburger* and reinstate our holding that the sentences are not multiplicitous. As a result, I respectfully dissent.

---

**6.** See our original opinion in which we held that the sentence on count 5 was illegal for other reasons.