**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**November 17, 2004**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41693
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BRIGIDO ORTIZ-GONZALEZ,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-181-1
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brigido Ortiz-Gonzalez appeals following his conditional guilty plea to felon in possession of a firearm (count one), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession of an unregistered firearm (count two), in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871; illegal re-entry into the United States after deportation (count three), in violation of 8 U.S.C. § 1326(a) and (b); and illegal alien in possession of a firearm (count four), in violation of 18 U.S.C. §§ 922(g)(5)(A) and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

924(a)(2). Ortiz-Gonzalez argues that the district court erroneously denied his motion to suppress evidence.

In reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, we determine: (1) whether the good-faith exception to the exclusionary rule applies; and (2) if not, whether probable cause supported the warrant. United States v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002). Ortiz-Gonzalez argues that the good-faith exception does not apply because the affidavit on which the search warrant was based was so lacking in indicia of probable cause that no reasonable officer could rely on the warrant in good faith. The affidavit was based on the personal observation by a confidential informant, who had previously provided reliable, credible information leading to the seizure of narcotics and the arrest of narcotics traffickers. The informant had been in Ortiz-Gonzalez's residence and observed marijuana. A common sense reading of the affidavit supports the conclusion that the informant had been in the residence within the preceding 72 hours. We conclude that the officers relied in good faith on the warrant and that the district court did not err in denying the suppression motion. See United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992); United States v. McKnight, 953 F.2d 898 (5th Cir. 1992).

Ortiz-Gonzalez also argues that his convictions and sentences for felon in possession of a firearm and illegal alien

in possession of a firearm, which were based on the same weapon, are multiplicitous and violate double jeopardy.  The Government concedes that our decision in United States v. Munoz-Romo, 989 F.2d 757, 759-60 (5th Cir. 1993), is controlling.  Ortiz-Gonzalez is correct that his convictions on counts one and four violate his rights against double jeopardy.  See id.  On remand the district court therefore must vacate the conviction on either count one or count four and resentence Ortiz-Gonzalez.  Id.

Ortiz-Gonzalez similarly argues that his convictions on counts three and four are also multiplicitous.  We decline to address this issue as the district court's action on remand may render the issue moot.  See United States v. Marroquin, 885 F.2d 1240, 1245 (5th Cir. 1989).

AFFIRMED in part, VACATED in part, and REMANDED.