# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3472

_____

United States of America,            *
                                     *
            Plaintiff - Appellee,    *
                                     *
      v.                             *   Appeal From the United States
                                     *   District Court for the District
Earnest Jesse Richardson, also       *   of Minnesota.
known as Ernest Jesse Richardson,    *
also known as Torrence C. Epps,      *        [PUBLISHED]
                                     *
            Defendant - Appellant.   *
                                     *

_____

Submitted:  June 23, 2005
Filed:  March 2, 2006

_____

Before LOKEN, HEANEY, WOLLMAN, ARNOLD, MURPHY, BYE, RILEY, MELLOY, SMITH, COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

       We issued a panel opinion in this matter on November 4, 2005.  The defendant filed for rehearing en banc on the limited issue set forth in Section V of that opinion, namely, whether a defendant, based upon a single act of possession, can be convicted and punished under both 18 U.S.C. § 922(g)(1) (felon in possession) and (g)(3) (drug user in possession).  The government conceded that rehearing is appropriate and joined the defendant in his request for rehearing en banc.  For the reasons set forth

below, we grant the petition for rehearing and vacate Section V of our prior opinion. This grant of rehearing does not affect the other sections of our prior opinion.

We briefly summarize the facts relevant to the issue before the en banc court. Richardson was convicted of a single incident of possession of a firearm on February 4, 2003. At the time he possessed the firearm he was both a convicted felon and a drug user. The government charged Richardson in two separate counts, that is, one count of being a felon in possession of a firearm on February 4, 2003, and a separate count of being a drug user in possession of a firearm on the same date. Richardson argued that the counts of conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and being a drug user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) arose out of a single act of possession of a firearm and, therefore, should have been merged at sentencing into a single offense. The panel decision in this case affirmed the multiple convictions based on our controlling precedent in United States v. Peterson, 867 F.2d 1110 (8th Cir. 1989), abrogated on other grounds by Horton v. California, 496 U.S. 128 (1990).

In Peterson, we held that separate convictions for § 922(g)(1) and § 922(g)(3) arising out of a single act of firearm possession were not multiplicitous. We now overrule Peterson and join all the other Circuits that have addressed this issue to hold that Congress intended the "allowable unit of prosecution" to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition. See Bell v. United States, 349 U.S. 81, 81 (1955) (describing the unit of prosecution test); see also, United States v. Verrecchia, 196 F.3d 294, 297-98 (1st Cir. 1999) (applying Bell to hold that a felon's possession of multiple firearms comprised a single offense); United States v. Dunford, 148 F.3d 385, 388-90 (4th Cir. 1998) (applying Bell to hold that the possession of multiple firearms and ammunition by a felon who was also an illegal drug user comprised a single offense); United States v. Cunningham, 145 F.3d 1385, 1398-99 (D.C. Cir. 1998) (applying Bell to hold that

the possession of multiple firearms comprised only one offense barring proof that the firearms were obtained at different times or stored separately); <u>United States v. Keen</u>, 104 F.3d 1111, 1118-20 (9th Cir. 1996) (applying <u>Bell</u> to hold that a felon's possession of a firearm and ammunition comprised only one offense); <u>United States v. Hall</u>, 77 F.3d 398, 402 (11th Cir. 1996) (holding that a felon's simultaneous possession of a firearm and ammunition comprised only one offense); <u>United States v. Munoz-Romo</u>, 989 F.2d 757, 758-59 (5th Cir. 1993) (holding that the possession of a firearm by an illegal alien who was also a felon comprised only one offense); <u>United States v. Throneburg</u>, 921 F.2d 654, 657 (6th Cir. 1990) (holding that a felon's simultaneous possession of a firearm and ammunition comprised only one offense); <u>United States v. Pelusio</u>, 725 F.2d 161, 168-69 (2d Cir. 1983) (applying <u>Bell</u> to hold that the receipt of a firearm and ammunition comprised only one offense); <u>United States v. Valentine</u>, 706 F.2d 282, 292-94 (10th Cir. 1983) (applying <u>Bell</u> to hold that the simultaneous possession of more than one weapon constituted only one offense); <u>United States v. Frankenberry</u>, 696 F.2d 239, 244-45 (3d Cir. 1982) (applying <u>Bell</u> to hold that the receipt of multiple firearms comprised only one offense); <u>United States v. Oliver</u>, 683 F.2d 224, 232-33 (7th Cir. 1982) (applying <u>Bell</u> to hold that the simultaneous receipt of a firearm and ammunition comprised only one offense).

We remand to the district court to vacate the sentence, merge the counts of conviction into one count, and resentence the defendant based on a single conviction under 18 U.S.C. § 922(g).

_____