# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2008

Charles R. Fulbruge III
Clerk

No. 08-20076
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS MEDELLIN-TORRES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-291-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Medellin-Torres (Medellin) appeals his guilty plea convictions and sentences for possession of a firearm by an illegal alien and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and (5). He argues that his convictions and sentences, which were based on possession of the same weapon, are multiplicitous and violate double jeopardy. The Government concedes that our decision in United States v. Munoz-Romo, 989 F.2d 757, 759-60

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 1993), is controlling. Medellin is correct that his convictions for illegal alien in possession of a firearm and felon in possession of a firearm violate his rights against double jeopardy. See Munoz-Romo, 989 F.2d at 759-60. In light of Munoz-Romo, we remand the case so that the district court may vacate one of the convictions and resentence Medellin. See id.

Medellin also asserts that the district court erred by imposing a four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), based on a finding that Medellin possessed the firearm "in connection with" another felony. He asserts that there was no evidence presented at rearraignment or sentencing to establish that the firearm was "in close proximity" to the drugs and drug paraphernalia found in his home. See § 2K2.1, comment. (n.14(B)(ii)). Because "we have remanded for resentencing, and it is likely that this same issue will recur," we will address the claim at this time. See United States v. Buchanan, 485 F.3d 274, 286 (5th Cir. 2007). Medellin did not challenge the imposition of the enhancement in the district court on this ground; we therefore review for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995). Because Medellin is raising a factual question that could have been resolved with a proper objection, he cannot establish plain error. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995); United States v. Condren, 18 F.3d 1190, 1199-1200 (5th Cir. 1994). The district court should resentence Medellin in accordance with this opinion after vacating one of the convictions. See Buchanan, 485 F.3d at 288.

REMANDED.