UNITED STATES of America,

v.

Marcel MALACHOWSKI, a/k/a Memo, Defendant.

No. 5:08–CR–701.

United States District Court, N.D. New York.

April 1, 2009.

---

**221.** *See, supra,* note 204 of this Report–Recommendation (citing cases).

Salvatore E. Strazzullo, Esq., Strazzullo Law Firm, P.C., Ikiesha T. Al–Shabazz, Esq., of Counsel, New York, NY, for Defendant.

Hon. Andrew T. Baxter, Esq., Office of the United States Attorney, Carl G. Eurenius, Esq., of Counsel, Assistant United States Attorney, Tamara Thomson, Esq., of Counsel, Assistant United States Attorney, Syracuse, NY, for the United States of America.

## MEMORANDUM–DECISION and ORDER

DAVID N. HURD, District Judge.

### I. INTRODUCTION

Defendant Marcel Malachowski, a/k/a Memo, ("defendant") is charged with six

offenses in the First Superceding Indictment (the "Indictment"). *Count One* charges defendant with knowingly possessing twenty-five machine guns in violation of 18 U.S.C. § 922(*o*). *Count Two* charges defendant with knowingly possessing one or more firearm silencers in violation of 26 U.S.C. §§ 5845(a) and 5861(d). *Counts Three* and *Four* charge defendant with unlawfully entering the United States as an alien on two separate occasions in violation of 8 U.S.C. § 1325(a). *Count Five* charges defendant with being unlawfully present in the United States while an order for his removal was outstanding in violation of 8 U.S.C. § 1326(a). Finally, *Count Six* charges defendant with being an illegal alien in the United States in possession of fifty-eight firearms in violation of 18 U.S.C. § 922(g)(5)(A).

The United States of America (the "Government") moves *in limine* for a ruling as to the admissibility of a handgun found at defendant's home in Canada during a search executed by the Royal Canadian Mounted Police. Defendant opposes the Government's motion and seeks to preclude evidence of the handgun pursuant to Federal Rule of Evidence ("FRE") 404(b).

Defendant has also submitted a number of motions on his own behalf. *First*, defendant moves to dismiss the Indictment in its entirety on the grounds that his Due Process rights were violated due to the Government's allegedly outrageous conduct. *Second*, defendant moves to dismiss either Count One or Count Six on the grounds that the two counts are unduly multiplicitous. *Third*, defendant moves to sever Counts One, Two, and Six from Counts Three, Four, and Five as violative of Federal Rule of Criminal Procedure 8(a), and alternatively, as unfairly prejudicial pursuant to Federal Rule of Criminal Procedure 14(a). *Fourth*, defendant moves to preclude the Government's audio

and video evidence on the grounds that portions of the recorded conversations are inaudible. *Fifth*, defendant moves to strike a portion of the language included within Count Six pursuant to Federal Rule of Criminal Procedure 7(d) as irrelevant and unduly prejudicial. Finally, defendant moves to bar evidence of his prior convictions from being admitted during the Government's case-in-chief.

The Government opposes defendant's motions with exception to the final motion to preclude evidence of his prior convictions. The Government concedes that such evidence may not be introduced during its case-in-chief but contends that the admissibility of defendant's prior convictions must be determined after, and if, defendant testifies on his own behalf.

Oral argument was heard on March 30, 2008 in Utica, New York. Decision was reserved.

## II. BACKGROUND

Defendant, a Canadian citizen, was arrested on November 17, 2008 during an undercover operation conducted by the Bureau of Alcohol, Tobacco, and Firearms ("ATF"). Over the course of several months prior to his arrest, defendant allegedly discussed the purchase of illegal firearms on several occasions with a confidential informant and an undercover ATF agent. Much of the Government's evidence consists of recorded conversations between defendant and the undercover agent who posed as a weapons dealer. In the moments before his arrest, defendant can be seen and heard on videotape at a storage facility in New York examining the weapons identified in the Indictment.

Defendant has several prior convictions in Canada, including felony drug possession with the intent to distribute in 2005, public mischief in 1994, petit theft in 1993,

and driving under the influence of alcohol in 1992.[1]

On or about November 18, 2008, the Royal Canadian Mounted Police recovered a handgun from inside defendant's barbeque grill located within the garage attached to his home in Canada. Under Canadian law, defendant was prohibited from possessing firearms because of his felony drug conviction.

A First Superceding Indictment was issued on January 14, 2009 adding Counts Three, Four, Five, and Six to the list of charges stated in the initial indictment.

## III. DISCUSSION

### A. The Handgun Seized from Defendant's Home in Canada

The Government moves *in limine* for a ruling as to the admissibility of the handgun seized from defendant's home in Canada a day after he was arrested. A defendant's prior bad acts are not admissible to prove he acted in conformity with his supposedly bad character. FED.R.EVID. 404(b). However, such evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.; see also United States v. Pascarella*, 84 F.3d 61, 69 (2d Cir.1996). Only relevant evidence may be admitted, *see* FED.R.EVID. 402, and evidence will be inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. *See* FED.R.EVID. 403.

■ Evidence of the handgun seized from defendant's home is irrelevant under FRE 401 and must be excluded under FRE 403. Although a search of defendant's home uncovered what was arguably a personal weapon located in his garage, defendant is charged with participating in a much larger scale commercial transaction involving the purchase of over fifty firearms, including automatic weapons and silencers. Regardless of whether defendant was prohibited from possessing a weapon because of his prior felony conviction, the evidence carries little probative value, and the illegal possession of a single firearm in one's home is too distinct from the allegations included in the Indictment to allow the jury to consider such evidence. The probative value is further mitigated by the fact that there is no evidence thus far showing that defendant was in actual possession of the weapon except that it was found in his garage a day after he was arrested.

Equally important is the substantial danger of unfair prejudice in light of the fact that a handgun was uncovered and defendant is charged with possessing firearms as opposed to some other contraband. Evidence of the handgun found in defendant's home could allow the jury to unfairly draw the inference that defendant was predisposed to possess the relatively extensive list of automatic weapons identified in the Indictment. Presently, without more evidence linking the handgun found in defendant's home to a larger scale possession of weapons, the one handgun presents too high a risk of unfair prejudice. Therefore, because the probative value of the handgun is substantially outweighed by the danger of unfair prejudice, the Government's motion will be denied and such evidence will not be admitted.

### B. Motion to Dismiss the Indictment Due to the Government's Allegedly Outrageous Conduct

■ Defendant moves to dismiss the Indictment on the grounds that his due pro-

---

1. The Government also concedes that defendant's misdemeanor convictions in 1994, 1993, and 1992 are not admissible even if defendant testifies.

cess rights were violated by what he contends was outrageous conduct on behalf of the Government. The crux of defendant's argument is that he was not predisposed to purchase illegal weapons and thus would not have engaged in such conduct but for the overzealousness of the Government and the confidential informant. Without commenting on the merits of defendant's argument, his motion is premature at this stage because there has been no testimony from any of the Government's witnesses. Additionally, an evidentiary hearing is not warranted at this time because defendant has offered nothing more than his own conclusions that the Government's conduct was unconstitutionally outrageous and that he was not predisposed to commit the charged crimes. Accordingly, defendant's motion to dismiss the Indictment will be denied without prejudice and may be renewed at a later time.

### C. *Motion to Dismiss Either Count One or Count Six as Multiplicitous*

■ Defendant also moves to dismiss either Count One or Count Six of the Indictment on the ground that the two charges together are unfairly multiplicitous. Offenses within an indictment are considered multiplicitous if the indictment "charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir.1999). Whether two separately charged offenses are merely a single offense charged twice focuses upon the elements of each offense. *See United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556 (1993) (upholding the application of the test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), for imposing multiple punishments). Under the Supreme

Court's test, separately charged offenses will be considered a single offense unless they each require proof of an element not included in the other offense. *Dixon*, 509 U.S. at 696, 113 S.Ct. at 2856.

■ Count One charges the defendant with violating 18 U.S.C. § 922(*o*). Pursuant to that statute, it is "unlawful for any person to transfer or possess a machine gun." 18 U.S.C. § 922(*o*). Count Six charges the defendant with violating 18 U.S.C. § 922(g)(5)(A). Under § 922(g)(5)(A), it is "unlawful for any person ... who, being an alien is illegally or unlawfully in the United States ..., [to] possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(5)(A). Although similar in terms of the proscribed conduct, the statutes charged in Counts One and Six of the Indictment each require proof of a different element. Count One requires the Government prove that defendant possessed *machine guns*, whereas Count Six only requires the Government prove that defendant possessed firearms or ammunition of any kind. Further, Count Six requires proof that defendant was an illegal alien, whereas Count One applies equally to all persons regardless of their status. As reflected by the different elements, Count One identifies only machine guns, and Count Six alleges defendant was in possession of a number of semi-automatic weapons that are irrelevant for purposes of § 922(*o*). Therefore, the offenses charged in Counts One and Six are not merely the same offense because each count requires proof of different elements.

Defendant briefly argues that, even if the offenses charged in Count One and Count Six are separate offenses under the

*Blockburger* test, Congress's legislative intent must nonetheless be considered in determining whether to allow for the imposition of multiple punishments. *See* Def's. Mem. of Law in Supp., Dkt. No. 25, 12. Defendant cites *United States v. Munoz–Romo,* 989 F.2d 757, 759 (5th Cir.1993) for the proposition that Congress did not intend to permit multiple convictions for the offenses charged in Counts One and Six. Although *Munoz–Romo* held that Congress did not intend to authorize multiple punishments for two separate offenses under § 922(g), defendant's argument is unpersuasive because he has been charged with separate offenses under § 922(*o* ) and § 922(g)(5)(A) instead of multiple offenses under the same subsection of § 922. The defendant in *Munoz–Romo* had been convicted and sentenced "for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession of *the same firearm* by an illegal alien, in violation of § 922(g)(5)." *Id.* at 758 (emphasis in original). The Fifth Circuit emphasized that Congress did not intend multiple punishments for the possession of a single weapon simply because the defendant fell into the category of convicted felon and illegal alien; rather, Congress "intended to describe only a single crime that could be committed by seven types of offenders." *Id.* at 759.

Unlike the defendant in *Munoz–Romo,* the defendant here has been charged with separate offenses for the possession of *separate firearms.* Although the machine guns identified in Count One are also identified in Count Six, the latter offense also alleges defendant was in possession of a number of semi-automatic weapons that are not identified in Count One. Additionally, as already discussed, defendant's criminal liability for Count Six is also dependent upon his status as an illegal alien, whereas he may be convicted of Count One regardless of his status as an alien, a felon, or any other category of offender. There-

fore, the multiplicitous charges at issue in *Munoz–Romo* are distinguishable from the charges listed in the present Indictment, and defendant's motion to dismiss either Count One or Count Six will be denied.

### D. *Motion to Sever*

Defendant also moves to sever Counts One, Two, and Six from Counts Three, Four, and Five on the grounds that the Indictment violates Federal Rule of Criminal Procedure 8(a), and alternatively, as unfairly prejudicial pursuant to Federal Rule of Criminal Procedure 14(a). Under Rule 8(a), a defendant may be charged with separate counts if the offenses charged in each count "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED.R.CRIM.P. 8(a). Additionally, separate trials may be ordered for multiple offenses charged within an indictment if the joinder of the offenses unfairly prejudices the defendant. *See* FED.R.CRIM.P. 14(a).

■ Defendant's motion must be denied in light of the Government's proffered evidence showing that the alleged conduct was either based upon the same transaction or constituted part of a common scheme. Five of the six counts allege conduct that occurred on November 17, 2008. Additionally, the Government argues that the recorded conversations between defendant and the undercover ATF agent constitute a *prima facie* showing that defendant's alleged illegal entries into the United States were in furtherance of his plan to take possession of the firearms listed in the Indictment. Only Count Three involves conduct occurring outside of November 17, 2008. Despite the separate dates of the entries into the United States, defendant's alleged illegal entry on October 31, 2008 is relevant to the Gov-

**518**

ernment's proof that defendant knew he was again unlawfully present in the United States on November 17, 2008. Additionally, the minimal prejudice to defendant, if any, from including the unlawful entry counts is overshadowed by the fact that his status as an illegal alien is a required element of Count Six as well as the judicial efficiency of joining all six counts in the same trial. Therefore, defendant's motions to sever Counts One, Two, and Six from Counts Three, Four, and Five will be denied.

### E. The Audibility of the Government's Audio and Video Recordings

■ Defendant moves to preclude the Government's audio and video recordings of conversations between defendant, the confidential informant, and the undercover ATF agent under the argument that portions of the recordings are inaudible. Defendant concedes that audio recordings must be substantially unintelligible in order to preclude the recording altogether on the basis that it is untrustworthy. *See* Def's. Mem. of Law in Supp., Dkt. No. 25, 20; *see also United States v. Arango–Correa,* 851 F.2d 54, 58 (2d Cir.1988) (holding that tape recordings may be admissible despite the inaudibility of portions of the conversations). Further, there is "a clear preference for the admission of recordings notwithstanding some ambiguity or inaudibility, as long as the recordings are probative." *Id.* (citations omitted).

■ The thrust of defendant's argument is that exculpatory statements made by himself and the confidential informant cannot be heard clearly within a number of the Government's recordings. Defendant therefore contends that the recordings are unfairly prejudicial because such evidence may be taken out of context without the jury being able to consider the inaudible statements, and accordingly, he argues the danger for unfair prejudice outweighs the minimal probative value of the incomplete recordings.

The recordings at issue were reviewed in chambers following oral argument from both parties. After review, it is apparent that the majority of each taped conversation is overwhelmingly audible, thereby giving the recordings substantial probative value. Although there are several instances where inaudible murmurs can be heard in the background over the audible voices of the defendant and the undercover ATF agent, any argument as to the content of these statements goes to the weight of the evidence rather than its admissibility. Both parties are free to submit their own transcripts of what was purportedly recorded, and defendant may obviously argue at trial as to his version of the inaudible statements made in the background of the recordings. Therefore, because the probative value of the recordings outweighs any danger of unfair prejudice, defendant's motion to preclude the recordings will be denied.

### F. Motion to Strike Language in Count Six

■ Defendant moves to strike the words "with obliterated serial number" from Count Six of the Indictment pursuant to Federal Rule of Criminal Procedure 7(d). Under Rule 7(d), "surplusage" may be struck from an indictment upon the defendant's motion. *See* FED.R.CRIM.P. 7(d). A defendant's motion to strike surplusage from an indictment will be granted so long as the language is not relevant to the offenses and is either prejudicial or inflammatory. *United States v. Mulder,* 273 F.3d 91, 99 (2d Cir.2001) (citing *United States v. Scarpa,* 913 F.2d 993, 1013 (2d Cir.1990)).

The Government's only argument as to why the challenged language is relevant to

the charge is that it needs to identify the weapons listed in Count Six of the Indictment. Count Six reads, in pertinent part: "[D]efendant ... did knowingly possess in an affecting commerce one or more firearms, to wit: ... one (1) Ruger Mark 1 pistol, with obliterated serial number, ... in violation of Title 18 United States Code, Section 922(g)(5)(A)." First Superceding Indictment, Dkt. No. 19, 3–4. Although the Government identifies each of the other firearms listed in Count Six by serial number, it argues that it cannot do so with the Ruger Mark 1 pistol because the serial number has been removed. The Government thus contends that the challenged language is needed to identify the Ruger Mark 1 pistol to the jury.

 Despite the Government's argument, any issue with identification of the Ruger Mark 1 pistol is eclipsed by the danger of unfair prejudice to the defendant from the inclusion of the challenged language. The words "obliterated serial number" may compel some jurors to infer that defendant sought to avoid detection because he intended to use the pistol for a separate criminal purpose. In light of the fact that defendant has not been charged with another offense involving the use of the pistol, as well as the fact that none of the other weapons are alleged to be missing serial numbers, the challenged language is not relevant to the charge listed in Count Six of the Indictment. Therefore, the Government is instructed to identify the pistol by some other means, and defendant's motion to strike the language, "with obliterated serial number," from Count Six will be granted.

### G. Evidence of Defendant's Prior Convictions

Finally, defendant moves to preclude evidence of his prior convictions during the Government's case-in-chief and for impeachment purposes should he decide to testify. The Government concedes that defendant's prior felony conviction is inadmissible during its case-in-chief and does not seek to introduce such evidence at that time. *See* Government's Resp. Mem. of Law in Opp'n, Dkt. No. 28, 17.[2] Although evidence of defendant's 2005 felony drug conviction may be used for impeachment purposes pursuant to FRE 609, the extent to which the Government may cross-examine defendant about his conviction cannot be properly determined unless he chooses to testify. Therefore, defendant's motion will be granted to the extent that evidence of his prior felony conviction is inadmissible during the Government's opening statement and case-in-chief, but decision is reserved as to whether such evidence is admissible for impeachment purposes.

### IV. CONCLUSION

The Government will be barred from admitting evidence of the handgun seized from defendant's home in Canada because the danger for unfair prejudice substantially outweighs the minimal probative value of the evidence. The great distinction between a single handgun in the garage attached to defendant's home and the relatively large-scale commercial transaction alleged in the Indictment involving over fifty firearms, including a number of automatic guns and silencers, cuts against the probative value of such evidence. Without additional evidence linking the seized handgun to a more substantial possession of firearms, evidence of the handgun is inadmissible.

Defendant's motion to dismiss the Indictment because of the Government's supposedly outrageous conduct is premature at this stage. Additionally, defendant's conclusions that the Government violated his due process rights and that he was not

---

2. *See also* footnote 1, *supra*, in regards to defendant's prior misdemeanor convictions.

predisposed to commit the charged offenses do not warrant an evidentiary hearing on this issue.

Defendant's motion to dismiss either Count One or Count Six on the ground that the two counts are unduly multiplicitous must be denied because each count requires proof of an element that is not included in the other count. Count One requires the Government to prove defendant possessed a machine gun, whereas Count Six requires proof that defendant was an illegal alien in possession of a firearm. Further, defendant's citation to *Munoz–Romo* is unpersuasive because he may be convicted of both counts for the possession of separate firearms as opposed to a single gun. In fact, he could be acquitted of Count One and convicted of Count Six.

Defendant's motion to sever Counts One, Two, and Six from Counts Three, Four, and Five must also be denied because the offenses charged in the Indictment either are based upon the same transaction or constitute part of a common scheme or plan. Additionally, the danger of unfair prejudice by joining all counts in the same indictment is minimal and is therefore outweighed by the interest in judicial efficiency.

Defendant's motion to preclude evidence of the audio and video recordings made by the Government will be denied because the conversations are, for the most part, entirely audible. Any argument as to the content of inaudible conversations in the background of the tapes goes to the weight of the evidence rather than its admissibility. At trial, both defendant and the Government are permitted to submit transcripts of their purported versions of the recordings.

Defendant's motion to strike the words "with obliterated serial number" from Count Six of the Indictment will be granted pursuant to Federal Rule of Criminal Procedure 7(d). The danger of unfair prejudice from such language outweighs the Government's interest in identifying that weapon to the jury in such a manner. The Government will be directed to file a redacted First Superceding Indictment reflecting this decision.

Finally, the extent to which the Government will be permitted to cross-examine defendant as to his prior felony conviction must be determined only if he chooses to testify. Without opposition from the Government, defendant's prior convictions are inadmissible during the Government's opening statement and case-in-chief.

Therefore, it is

ORDERED that

(1) The Government's motion *in limine* for the admissibility of the handgun found at defendant's residence by the Royal Canadian Mounted Police is DENIED;

(2) Defendant's motion to dismiss the Indictment in its entirety because of the Government's allegedly outrageous conduct is DENIED without prejudice;

(3) Defendant's motion to dismiss either Count One or Count Six on the grounds that the two charges are unduly multiplicitous is DENIED;

(4) Defendant's motion to sever Counts One, Two, and Six from Counts Three, Four, and Five is DENIED;

(5) Defendant's motion to preclude evidence of the video and audio recordings is DENIED;

(6) Defendant's motion to strike the words "with obliterated serial number" from Count Six of the Indictment is GRANTED, and the Government is directed to file a redacted First Superceding Indictment in accordance with this decision; and

(7) Defendant's motion to preclude evidence of his prior convictions is

GRANTED in part and DENIED in part without prejudice;

(a) the misdemeanor convictions are not admissible, and

(b) the felony conviction is not admissible in the Government's case-in-chief.

IT IS SO ORDERED.