# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

Lyle W. Cayce
Clerk

No. 10-40977
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO ESQUIVEL, also known as Alberto Esquivel-Juarez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-392-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

A jury convicted Alberto Esquivel of illegal reentry in violation of 8 U.S.C. § 1326 and of possession of a firearm by an illegal alien and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and (5).  He was sentenced to three concurrent 76-month terms of imprisonment and three concurrent two-year terms of supervised release.  Esquivel filed a timely notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40977

As Esquivel does not challenge his conviction or sentence for illegal reentry, we affirm the district court's judgment with respect to that offense. We reject Esquivel's contention, raised in order to preserve the argument for further review, that under *Jones v. United States*, 529 U.S. 848 (2000); *United States v. Morrison*, 529 U.S. 598 (2000); and *United States v. Lopez*, 514 U.S. 549 (1995), § 922(g) is unconstitutional on its face and as applied. As Esquivel concedes, his argument is foreclosed by our precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

Esquivel challenges his § 922(g) convictions and sentences, which were based on possession of the same weapons, on the basis that they are multiplicitous and violate double jeopardy. The Government concedes that our decision in *United States v. Munoz-Romo*, 989 F.2d 757, 759-60 (5th Cir. 1993), is controlling. Esquivel is correct that his convictions for being an illegal alien in possession of a firearm and a felon in possession of a firearm violate his rights against double jeopardy. *See Munoz-Romo*, 989 F.2d at 759-60. In light of *Munoz-Romo*, we remand the case so that the district court may vacate one of the convictions and resentence Esquivel. *See id.*

AFFIRMED IN PART; REMANDED IN PART.