NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0486n.06

No. 10-1377

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>MICHAEL J. MODENA,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td></tr>
</table>

**FILED**

***Jul 14, 2011***

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before: SUTTON and WHITE, Circuit Judges; STAFFORD, District Judge.[*]

SUTTON, Circuit Judge. A federal jury convicted Michael John Modena for unlawfully possessing a firearm. Each of the challenges to his conviction and sentence lack merit, and accordingly we affirm.

I.

In 2008, Michigan State Police officers investigated Modena for filing fraudulent statements with the Michigan Secretary of State. *See* Mich. Comp. Laws § 440.9501(6). In accordance with a state search warrant, officers searched Modena's residence and discovered a nine-millimeter pistol, a bolt-action rifle and ammunition.

---

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

A federal grand jury indicted Modena on one count of being a felon in possession of a firearm and one count of being a domestic-violence misdemeanant in possession of a firearm. 18 U.S.C. § 922(g)(1), (9). Modena pleaded not guilty, and a jury found him guilty of both counts. The district court granted the government's motion to vacate the § 922(g)(9) conviction, calculated the guidelines range at 41 to 51 months and imposed a 72-month sentence.

## II.

*Subject-Matter Jurisdiction*. At his arraignment and initial pretrial conference, Modena challenged the subject-matter jurisdiction of the district court, arguing that the Michigan county that issued the warrant was not "constitutionally chartered," R.216 at 9, depriving the court of jurisdiction over his case. Modena does not press the merits of this jurisdictional argument on appeal but instead claims that the trial court erred by failing to *consider* it. That is not true: The magistrate judge directly rejected the argument, noting that he "d[id]n't see how any defect in the county's structure . . . has any effect on" the court's jurisdiction. R.216 at 10.

*Prosecutorial Misconduct*. Several courts have held, and the government agrees, *see* R.155 at 1–2, that the subdivisions of § 922(g) do not support separate sentences for a single criminal act. *See, e.g.*, *United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam); *United States v. Munoz-Romo*, 989 F.2d 757, 759–60 (5th Cir. 1993); *cf. United States v. Throneburg*, 921 F.2d 654, 657 (6th Cir. 1990) (separate counts under § 922(g) for possessing ammunition and a firearm merge for sentencing). A district court thus cannot impose multiple

punishments on a defendant who commits one act of possession yet is both a felon and a domestic-violence misdemeanant.

Modena accuses the government of prosecutorial misconduct for charging him with one count of § 922(g)(1) and one count of § 922(g)(9), knowing that Modena could not be sentenced on both counts. Yet the Supreme Court has approved this approach: "the Government may seek a multiple-count indictment" for duplicitous counts even though "the accused may not suffer two convictions or sentences on that indictment." *Ball v. United States*, 470 U.S. 856, 865 (1985). That is what happened here, and Modena cites no authority to suggest the constitutional analysis changes when the prosecutor knows ahead of time that this may happen.

*Ineffective Assistance*. Modena initially chose to represent himself before the district court, but on the day of trial requested that his standby counsel, Richard Zambon, represent him. The court granted Modena's request, and Zambon agreed to the appointment. In Zambon's first act as defense counsel, he stipulated to Modena's prior felony and domestic-violence misdemeanor convictions. Modena claims Zambon provided ineffective assistance when he stipulated to the convictions. We "typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record." *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006). Modena offers no good reason for departing from that practice here. His recourse is to file a motion pursuant to 28 U.S.C. § 2255.

*Hybrid Representation*. Modena complains that the trial court violated his right to hybrid representation by prohibiting him from splitting trial responsibilities with Zambon. Yet the Constitution provides no such right. *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* [*v. California*, 422 U.S. 806 (1975)] does not require a trial judge to permit 'hybrid' representation."); *United States v. Treff*, 924 F.2d 975, 979 n.6 (10th Cir. 1991).

*Requested Forms*. Before trial, Modena requested from the court 79 subpoena forms, 12 subpoena duces tecum forms, 5 blank arrest warrants, 5 deposition forms and several IRS tax forms. The district court denied his request and directed him to seek help from his standby counsel to obtain any necessary forms. Modena argues this decision violated his First Amendment right to access the courts and his Sixth Amendment right to present a defense. "In order to state a claim for interference with access to the courts, however, [an individual] must show actual injury," *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005), and Modena has identified no argument he was unable to raise or any evidence he could not introduce due to the district court's order. As for the Sixth Amendment, the right to present a defense does not include the right to unlimited copies of whatever forms a defendant wants. No error occurred.

*Sentencing*. Modena challenges the procedural reasonableness of his sentence on two grounds: (1) the district court gave no "rationale" or "specific findings of fact" supporting its enhancements for possessing five firearms and for obstructing justice; and (2) the district court's twenty-one-month upward variance lacked support in the record. Both arguments come to naught.

Modena challenged his two-level enhancement for possessing five firearms on the ground that the "grand jury indictment only listed two firearms." R.206 at 19. The district court correctly noted that "[f]or the purposes of sentencing . . . the three additional firearms are an entirely separate matter." R.206 at 19. "[T]he contemporaneous, or nearly contemporaneous, possession of uncharged firearms is relevant conduct in the context of a felon-in-possession prosecution." *United States v. Phillips*, 516 F.3d 479, 483 (6th Cir. 2008) (internal quotation marks and alterations omitted); *see also* U.S.S.G. § 1B1.3. Modena's presentence report shows that Modena possessed five firearms. In addition to the two guns that provide the basis for his conviction, Michigan State Police officers discovered three rifles at Modena's parents' residence. Modena's brother and father separately told officers that the rifles belonged to Modena, and officers found several of his belongings nearby.

The same goes for Modena's obstruction-of-justice enhancement, which he opposed on the grounds that the police issued "no speeding tickets" to him and that the police reports did not corroborate that he was driving recklessly. R.206 at 19. The district court found that "your fleeing from law enforcement . . . is well verified by the records in this case." R.206 at 22. When officers approached Modena, he drove off, "almost striking the officers' unmarked vehicle." PSR ¶ 22. In doing so, Modena "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer," U.S.S.G. § 3C1.2, properly earning the enhancement.

The record also supports the district court's upward variance. Modena challenges the district court's conclusion that his offense was more serious than the typical felon-in-possession case. In explaining its sentence, the district court noted that Modena "has over and over again expressed anti[-]government sentiments, including significantly misguided views about the criminal justice system and the individuals who operate within it." R.206 at 42. This conclusion finds support in the presentence report: Modena filed false UCC claims against two state-court judges, had "militia ties," "made threatening statements referenc[ing] a shootout with police and a possible barricade situation," fled from police and "made a pointing gesture" toward a police officer "with his thumb and finger implying they were a gun." PSR ¶¶ 11–12, 21–23. When he fled from police, he "attempt[ed] to return to the home where weapons were stored," which "might well have led to a serious, dangerous, perhaps even fatal confrontation." R.206 at 43. The district court reasonably considered these facts in weighing the § 3553(a) factors.

Modena also complains about the district court's statement that "I'm not confident that there's anything that the criminal justice system has to offer which would provide him with assistance in . . . the rehabilitation sense." R.206 at 45–46. Modena believes that the district court improperly used this as a basis for a higher sentence, but nothing indicates the district court increased his sentence on this ground. *Cf. Tapia v. United States*, 564 U.S. __, 131 S. Ct. 2382 (2011). The district court made the statement while reviewing several of the § 3553(a) factors—in particular "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C.

§ 3553(a)(2)(D). Read in context, the court's statement shows it found the factor irrelevant.

Also unavailing is Modena's substantive-reasonableness argument—that he committed no violence and that his age and family ties decrease his likelihood of recidivism. Yet only an abuse of discretion will allow us to "substitut[e] our judgment for that of the district court," *United States v. Hairston*, 502 F.3d 378, 386 (6th Cir. 2007), and nothing of the sort happened here in view of Modena's history of antagonism toward government officials, his efforts to evade capture and his attempt while fleeing police to return to the house where he had stored three rifles.

*Pro Se Arguments.* On top of the six issues raised by counsel, Modena submitted a *pro se* brief claiming that (1) a different person committed the offenses underlying his § 922(g) conviction; (2) the AUSA committed prosecutorial misconduct; (3) the attorneys below were in contempt of court; and (4) the district court deprived him of his speedy trial rights. We generally will not consider a defendant's *pro se* claims when he is represented by counsel, *see United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011), and Modena's arguments at any rate change nothing. Three of them echo arguments raised by counsel, and Modena's speedy trial claim lacks any reference to relevant case law or to the record.

III.

For these reasons, we affirm.