**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JAMES ARTHUR MAVROMATIS,
*Defendant-Appellant*.

No. 14-30115

D.C. No.
5:13-cr-00001-TMB-1

ORDER

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted to Motions Panel October 27, 2014[*]

Filed October 28, 2014

Before:  Diarmuid F. O'Scannlain, Marsha S. Berzon,
and Jay S. Bybee, Circuit Judges.

Order

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

---

### Criminal Law

A motions panel filed a published order granting the government's "motion for remand based on confession of error" in a case in which the defendant was convicted of possessing a firearm after previously being committed to a mental institution in violation of 18 U.S.C. § 922(g)(4).

Prior to being convicted under § 922(g)(4), the defendant had been acquitted on a charge, based on the same incident of possession, of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties agreed that the defendant's conviction under § 922(g)(4) is barred by the Double Jeopardy Clause.

The panel remanded with instructions that the district court vacate the conviction and dismiss the indictment.

---

### COUNSEL

Rich Curtner and Noa Oren, Office of the Federal Public Defender, Anchorage, Alaska, for Defendant-Appellant.

Jo Ann Farrington, Assistant United States Attorney, Karen L. Loeffler, United States Attorney, Anchorage, Alaska, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Appellant James Mavromatis was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Following a bench trial, the district court entered a judgment of acquittal. Based on the same incident of possession, Mavromatis was charged in a new indictment and convicted of possessing a firearm after previously being committed to a mental institution, in violation of 18 U.S.C. § 922(g)(4).

Appellee, the government, has filed a "motion for remand based on confession of error," because it agrees that Mavromatis's conviction pursuant to 18 U.S.C. § 922(g)(4) is barred by the Double Jeopardy Clause. The view of the Department of Justice is that Congress intended not to establish multiple offenses when the same incident of possession violates two subsections of § 922(g). The government further concedes that the Department of Justice took this position in a brief filed with the Supreme Court in 1992, when the Solicitor General agreed that § 922(g) states a single offense that supports a single conviction and sentence, rather than multiple offenses that may be charged separately. *See United States v. Munoz-Romo*, 989 F.2d 757, 758–759 (5th Cir. 1993) (summarizing the Solicitor General's position before the Supreme Court).

Accordingly, the government's motion for remand is granted.

We remand this case to the district court with instructions to vacate the conviction and dismiss the indictment.

The mandate shall issue forthwith.

**REMANDED.**