# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41190
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO ALBERTO GARCIA-BALDERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1408-1

Before HIGGINBOTHAM, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Garcia-Balderas appeals his convictions and sentences of being an alien illegally in the United States in possession of a firearm and of being a felon in possession of a firearm for which he was sentenced to 120 months of imprisonment on each count, to run concurrently with each other. *See* 18 U.S.C. § 922(g)(1), (g)(5)(A); 18 U.S.C. § 924(a)(2).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41190

Garcia-Balderas challenges the constitutionality of § 922(g)(1) and (g)5), arguing that the statute does not require a substantial effect on interstate commerce or, in the alternative, that the Government adduced insufficient evidence to show that the "mere movement" of the components of a firearm constituted a substantial effect on interstate or foreign commerce. As he acknowledges, his argument is foreclosed by our prior decisions holding that § 922(g) generally, and § 922(g)(1) in particular, is a valid exercise of Congress's authority under the Commerce Clause. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Wallace*, 889 F.2d 580, 583 (5th Cir. 1989); *see also United States v. Baltazar-Lopez*, 273 F.3d 1099 (5th Cir. 2001) (treating § 922(g)(5) as indistinguishable from § 922(g)(1)).

Garcia-Balderas also argues that his convictions and sentences on charges both of being an illegal alien in possession of a firearm and of being a felon in possession of a firearm are multiplicitous and violate the Double Jeopardy Clause. *See* § 922(g)(1), (g)(5). As the Government concedes, the simultaneous charges under § 922(g)(1) and (g)(5), which arise from the same single incident of possession of firearms, violate the constitutional prohibition on multiple punishments for one offence. *See United States v. Munoz-Romo*, 989 F.2d 757, 759-60 (5th Cir. 1993).

We, therefore, VACATE the sentences and REMAND to the district court to vacate either of the convictions and resentence Garcia-Balderas on the remaining count.